Law Library

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )  CRIMINAL CASE NO. CM1162-11
)
vs. )
)
)
SHAOLIN SYLVESTER TEREAS, )  **DECISION AND ORDER**
)
Defendant. )
)
)

This matter came before the HONORABLE VERNON P. PEREZ on October 4, 2012 for Defendant's Motion to Suppress. Assistant Public Defender Suresh Sampath represented Defendant who was present. Assistant Attorney General James Collins appeared on behalf of the Government. The Court took the motion under advisement. After hearing the Parties' arguments, reviewing the record and considering the Parties' pleadings, the Court now issues the following Decision and Order.

## BACKGROUND

On November 19, 2011, Defendant was charged with driving while under the influence of alcohol, operating a motor vehicle while license suspended and reckless driving. Preceding his arrest, Defendant was discovered at approximately 9:15p.m. on the roadway in a vehicle with multiple flat tires. Defendant's Motion to Suppress at 2. At approximately 9:35p.m., Officer Andrew arrested Defendant and transported Defendant to the Dededo precinct. *Id.* Defendant filed a Notice of Motion to have his Motion to Suppress heard before the Court on September 14, 2012. On October 4, 2012, the Court heard the matter. This Decision and Order will only address Defendant's Motion to Suppress.

## DISCUSSION

Defendant moves to suppress any and all evidence obtained by Officers as a result of an unlawful detention of his person in violation of 8 Guam Code Annotated §§ 30.10-30.60, Guam's Stop and Frisk statute. Guam law provides, "[n]o person shall be detained under the provisions of § 30.10 longer than is reasonably necessary to effect the purposes of that section,

and in no event longer than 15 minutes…" 8 GCA § 30.30. Defendant argues that he was detained for more than the permitted 15 minutes, therefore, the remedy for a Stop and Frisk violation should be suppression of all evidence seized.

The purpose for Guam's Stop and Frisk Act is to set guidelines for investigatory stops where the police officer has reasonable suspicion that a person has or is about to commit a criminal offense. 8 G.C.A. § 30.10. A police officer then has 15 minutes to ascertain the identity of the person detained and to determine the circumstances surrounding his presence which lead the officer to believe that he committed, was committing or was about to commit a criminal offense. 8 G.C.A. § 30.20. If probable cause arises any time after the onset of the detention, the person shall be arrested. 8 G.C.A. § 30.40. The time limitation under Section 30.10 is no longer applicable once probable cause has been formed or a defendant is arrested.

Moreover, during the investigatory stop here, Officers had probable cause to arrest Defendant based on his admission to having had alcoholic beverages. Very early into the police interactions with Defendant, well before 15 minutes elapsed, Defendant admitted to drinking three cans of Bud Light. Once probable cause is formed during the investigatory stop, the 15 minute time limit for the purposes of Section 30.10 no longer governs. The investigatory stop then becomes a detention and need only pass a constitutional analysis against unreasonable searches and seizures guaranteed by the Fourth Amendment. Defendant was placed in handcuffs almost immediately after being discovered by the police. The Court easily finds that the police made a lawful arrest simultaneously as developing probable cause for driving while under the influence. Under the *People v. Cundiff* decision, "[a]n arrest may also occur even if the police have not formally arrested the person". 2006 Guam 12 ¶¶20-21. Thus, the police could not have violated the 15 minute rule as Defendant was arrested immediately after his encounter with the police began.

The United States Supreme Court has repeatedly rejected the application of a bright-line time limit for Fourth Amendment detentions. *See United States v. Sharpe*, 470 U.S. 675, 685 (1985). Although having a 'bright-line' rule would be helpful in evaluating whether an investigative detention is unreasonable, a police officer's common sense and judgment must

ultimately govern their conduct. In *United States v. Place*, the court reasoned, "[s]uch a limit would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation." *Place*, 462 U.S. 696, 709 (1983). The Guam legislature has provided clear framework for stops for the purposes of Sections 30.30-40, which at any time probable cause appears, the person shall be arrested. The 15 minute limitation was inapplicable in this case since officers had probable cause to arrest.

Accordingly, the Court does not agree with Defendant's assertion that any and all evidence from a detention should be suppressed. A "detention" is limited to ascertaining the identity of the person and the circumstances surrounding his presence which lead the officer to believe that he had committed, was committing, or was about to commit a criminal offense. 8 G.C.A. § 30.20. A request for identification and investigation does not generally constitute a seizure and, most importantly, does not trigger Fourth Amendment protections. In Terry, a "detention" occurs when a "police officer accosts an individual and restrains his freedom to walk away." *Terry v. Ohio*, 392 U.S. 1, 16 (1968). The Michigan Court of Appeals suggests the determining factor in assessing whether a detention is too long in duration is "whether the police were diligently pursuing a means of investigation that was likely to confirm or dispel their suspicions" *People v. Chambers*, 489 N.W. 2d 168, 125 (1992). Here, probable cause existed to arrest Defendant within 15 minutes of his detainment.

Even if Section 30.30 was violated, the Court finds suppression of all evidence obtained is not an appropriate remedy. The 15 minute limitation is a statutory right prescribed by the Guam legislature, not a constitutional right. The Fourth Amendment protects against unreasonable search and seizures and is applicable pursuant to §1421b(c) of the Organic Act of Guam. However, nothing in the Act incorporates the 15 minute limitation as a constitutionally afforded right to the people of Guam. As a result, the Court believes that had a violation of the 15 minute rule occurred, the appropriate remedy would be to place a limited suppression of the evidence obtained during the excess time over 15 minutes to eventual arrest. Finally, no fruit of a poisonous tree argument could apply in this case as there was no 15 minute rule violation and if there was a violation; the police would have inevitably discovered Defendant's intoxication as

the evidence for that was bountiful.[1] *See Nix v. Williams,* 467 U.S. 431 (1984). Therefore, Defendant could not have the remedy he desires even if a violation of 8 GCA § 30.40 occurred, which it did not.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Suppress. Parties will return on November 6, 2012 at 9:00a.m. for a Criminal Trial Setting.

So **ORDERED** this _____ day of October, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam

DATE OCT 30 2012

DEPUTY CLERK, Superior Court of Guam

---

[1] Clearly, probable cause existed to find that Defendant was driving while under the influence as the condition of his vehicle and person provided several indicators of a violation of the vehicle code.

*People v. Tereas,*
Decision and Order
Criminal Case No. CM1162-11         - Page 4 of 4 -